```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                   CRIMINAL ACTION NO. 2:18-00167

**TROY ALLEN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On July 15, 2025, the United States of America appeared by Judson MacCallum, Assistant United States Attorney, and the defendant, Troy Allen, appeared in person and by his counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Jordan Clark.  The defendant commenced a 30-month term of supervised release in this action on August 1, 2023, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on July 21, 2023, and Judgment in a Criminal Case entered by the court on March 25, 2019.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on August 25, 2023, the defendant ingested synthetic marijuana in which he admitted to on August 29, 2023; (2) on November 28, 2023, the defendant submitted a urine specimen that tested positive for amphetamine, methamphetamine, cannabinoids, and opiates; (3) on February 4, 2025, the defendant submitted a urine specimen that tested positive for methamphetamine, cannabinoids, and fentanyl; (4) on March 3, 2025 the probation officer approved the defendant to reside at a sober living home, and he did so in early April, and on May 8, 2025, the defendant was expelled from the program and removed from the sober living home due to the defendant only residing at the home one day a week; and (5) on May 15, 2025, the probation officer mailed a letter to the defendant's grandmother's address instructing the defendant to report to the Probation Office on May 21, 2025, and the defendant failed to report as instructed, and his whereabouts were unknown, and remained unknown at the time the petition was filed; all as admitted by the defendant, and all as set forth in the petition on revocation of supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS with no further term of supervised release.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant was remanded to the custody of the United States Marshal.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

        **DATED:   July 17, 2025**

        _____
        John T. Copenhaver, Jr.
        Senior United States District Judge